APPEAL OF SIDNEY P. DINE, AS EXECUTOR OF THE ESTATE OF PHILLIP DINE, DECEASED.

Docket No. 3783.    Submitted November 4, 1925.    Decided November 25, 1925.

*Stanley Matthews, Esq.*, for the taxpayer.
*J. Sterling Halstead, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

a one-half interest at $30,000, which value is not questioned, the same should be reduced to $15,000 to correspond with the decedent's interest.

FINDINGS OF FACT.

Sidney P. Dine is the duly qualified and acting executor of the estate of Phillip Dine, who died May 20, 1921. For many years prior to his death Phillip Dine had been engaged in the retail furniture business under the name of Dine's Furniture House, with a store at 530 Madison Avenue, Covington, Ky., and another at 518 York Avenue, Newport, Ky. Up to 1911 the Covington store had been conducted as a partnership, composed of the decedent and Harry Dine, each owning an undivided one-half interest therein. In 1911 Phillip Dine purchased the interest of Harry Dine for $28,300. A complete set of books was kept by each store. The books of the Covington store reflected the existence of the partnership until Phillip Dine became the sole proprietor in 1911, since which time the business has been shown as a sole proprietorship. The books of the Newport store have always shown the business as belonging to Phillip Dine.

In August, 1910, the decedent employed his son, Sidney P. Dine, in the Covington store, at a salary of $5,000 per annum, which was increased from time to time thereafter. In 1911, or in 1912, Sidney P. Dine was made general manager of and buyer for that store, in which position he continued until his father's death. In 1908, Morris Romanow, who at that time was a resident of Boston, Mass., and engaged in the practice of dentistry, married a daughter of the decedent. In the summer of 1909, Romanow was advised by the decedent that his nephew, employed in the Newport store, desired to resign and go into business for himself, and asked Romanow if he would come to Newport and take charge of the store at that place. In January, 1910, Romanow moved to Cincinnati, Ohio, and took charge of the decedent's store at Newport, Ky., as general manager and buyer, at a salary of $2,600 per annum, which was increased from time to time thereafter. The decedent was active in the supervision of the business of both stores until his death in 1921.

The decedent left the following will:

1. I give and devise to my beloved wife Rebecca all my real estate for the period of her natural life. I also give her the power to sell same, or any part thereof, excepting the real estate Nos. 530–532 Madison Ave., Covington, Ky., for the use and sale of which I have hereinafter specially provided without any restraint upon such power. If she shall sell same, she shall have the right to use the proceeds thereof as she may desire for her own benefit. It is my will that she assume and pay off any mortgage or other liens which may be upon said property at the time of my death. And out of the estate given her she shall turn over to my Executor the sum of Ten Thousand ($10,000.00)

Dollars, which sum of money I hereby bequeath to such charity as my beloved wife may select and my Executor shall pay said sum over to such designated Charity.

2. I give and bequeath to my beloved daughter Hannah Dine Romanow my interest in the business now located at #518 York St., Newport, Ky. which interest, however, shall be sold at my death and the proceeds invested by my Executor, who shall pay the income therefrom only, to my daughter for a period of Fifteen (15) years after my death, at which time he shall turn over the whole fund to her to be used by her for the term of her natural life as she pleases, both principal and interest, any balance left at her death I bequeath to her children equally in fee.

3. I give and bequeath to my beloved son Sidney P. Dine, the business now located at 530-532 Madison Ave., Covington, Ky. This includes the bank account kept in connection with said business, truck, stock, notes and accounts owing said business and every thing used in connection with said business, and he is to assume all liabilities of said business existing at my death.

4. After the death of my beloved wife, I give and devise to my children for life, excepting Jesse S. Dine, for whom I have made special provision, all my real estate remaining after her death, to be enjoyed by them equally. I also give them the power, with the advice of my Executor first to be given for said purpose, to sell said property or any part thereof, excepting the real estate 530-532 Madison Ave., Covington, Ky., in which the business bequeathed to my son Sidney is conducted shall not be sold without his individual consent while he is alive, nor be sold after his death without the consent of his Executor and it is my will that this real estate may be sold at any time at the wish of said Sidney Dine or of his Executor without the consent of my other children, without any restraint upon such power. And they may reinvest the proceeds of sale or use same in any manner approved by my executor without having to account for same to my grandchildren. Upon the death of all my children, any real estate remaining, I give and devise to my grandchildren in fee, or to the issue of any dead grandchildren in fee.

5. I give and devise to my beloved wife all the residue of my property.

6. It is also my will that the rents charged against the business house at 530-532 Madison Ave., at my death shall not be raised by my Executor or children so long as the business therein is continued by my son Sidney or his children, but they can, at any time, lower same, by agreement.

7. I have provided for payment to my son Jesse S. Dine of several amounts of money and in certain events to his wife a certain sum and to his children in a paper signed by me and entrusted to my son Sidney P. Dine, my executor, which paper is never to be made public as I have implicit faith and confidence in my said son Sidney to carry out its provisions, and my said son Sidney P. Dine shall be credited in his settlement as Executor with any sums he may pay out according to the provisions of said paper.

The individual income-tax returns of the decedent for years prior to his death were prepared by his son, Sidney P. Dine, manager of the store at Covington, Ky. The decedent reported the entire profits and deducted the entire expenses, including salaries paid at both stores, in his individual income-tax returns. The decedent also filed information returns, Form 1099, showing salaries, wages, bonuses, etc., paid to Sidney P. Dine, Covington, Ky., and Morris Romanow, Newport, Ky. The amounts shown upon the information returns

as having been paid were returned by Sidney P. Dine and Morris Romanow, under Schedule B of their returns, as salaries, wages, bonuses, etc., received from Phillip Dine. In 1902, Rebecca Dine, wife of the decedent, inherited the fee in certain real estate located at 1123 Main Street, Cincinnati, Ohio. On September 23, 1902, Rebecca Dine conveyed by deed, in which the decedent joined, an undivided one-half interest in this property to Harry Dine and wife, Esther Dine, for their joint lives, with remainder to the survivor in fee. Esther Dine, wife of Harry Dine, died on September 8, 1908. On November 22, 1911, Harry Dine by quitclaim deed conveyed to Phillip Dine, the decedent, and his wife, Rebecca Dine, the undivided one-half interest theretofore conveyed to himself and wife by Rebecca Dine on September 23, 1902.

### DECISION.

The decedent and his wife, Rebecca Dine, were tenants in common of the undivided one-half interest conveyed to them by Harry Dine. The deficiency should be computed by including as a part of the decedent's estate an undivided one-fourth interest in the property located at 1123 Main Street, Cincinnati, Ohio, at the value of $15,000. *Sergeant* v. *Steinberger*, 2 Ohio, 305; *Wilson* v. *Fleming*, 13 Ohio, 68; *Penn* v. *Cox*, 16 Ohio, 30; *Farmers' & Merchants' National Bank* v. *Wallace*, 45 Ohio St. 152; Thompson on Real Property, Vol. II, p. 942, §1738. The determination is otherwise approved. Final determination will be made on 15 days' notice, under Rule 50.